**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

UNITED STATES OF AMERICA                                          RESPONDENT

VERSUS                          CRIMINAL ACTION NO. 2:04-cr-2-DCB-1
                                CIVIL ACTION NO. 2:04-cv-117-DCB

GERRIAN LAMOND McGILBERRY                                          PETITIONER

## OPINION AND ORDER

This matter comes before the Court on the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [**criminal docket entry no. 50**], Supplemental Motion to Vacate [**criminal docket entry no. 55**], and Motion for Immediate Release [**criminal docket entry no. 56**]. Having considered the motions, memorandum in support and opposition thereof, applicable statutory and case law, and being otherwise fully advised as to the premises, the Court finds and orders as follows:

### I. BACKGROUND

On May 26, 2004, Gerrian Lamond McGilberry ("McGilberry") was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and possessing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). On July 29, 2004, he was sentenced to 41 months as to Count One and 60 months as to Count Two, to run consecutively, for a total of 101 months imprisonment. McGilberry was also ordered to serve three years of supervised release as to Count One and five years as to Count Two, to run concurrently. He

was also ordered to pay a $200.00 special assessment.

McGilberry appealed his conviction and sentence to the Fifth Circuit Court of Appeals. The Fifth Circuit affirmed his conviction on February 21, 2007. Thereafter, he filed the filed the instant Motion to Vacate, Set Aside or Correct Sentence pursuant to 22 U.S.C. § 2255, wherein he asserts two claims of ineffective assistance of counsel, and he also alleges that the District Court committed a "significant procedural error" by applying the Federal Sentencing Guidelines in a mandatory fashion. The government filed its response in opposition [docket entry no. 53] on October 4, 2008, to which a reply [docket entry no. 54] was filed on October 31, 2008.

McGilberry also filed a Supplemental Motion to Vacate [docket entry no. 55] on June 8, 2009. Therein, he asserts that the District Court erred in imposing his sentences to run consecutively instead of concurrently. The government filed its response [docket entry no. 57] on July 10, 2009. Additionally, McGilberry filed a Motion for Immediate Release [docket entry no. 56] on July 6, 2009. He asserts that, pending this Court's decision in regard to his § 2255 motion and supplemental motion, he should be released because he is being illegally incarcerated. The government's response [docket entry no. 58] was filed on July 10, 2009. The petitioner's motions and all responses thereto are now before the Court.

## II. ARGUMENTS

1. *Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255*

In his Motion to Vacate, Set Aside or Correct Sentence, the petitioner alleges three grounds on which he is entitled to relief:

- **Ground One**: Ineffective assistance of counsel. McGilberry alleges that defense counsel was ineffective at sentencing for his failure to raise Blakely v. Washington, 542 U.S. 296, 159 L.Ed. 2d 403, 124 S.Ct. 2531 (2004), at sentencing (failing to object to district court's application of the guideline sentence as "mandatory" in violation of United States v. Booker, 543 U.S. 220 (2005).

- **Ground Two**: Ineffective assistance of counsel. McGilberry alleges that defense counsel was ineffective for his failure to argue before or during trial that Count Two of the Indictment was defective for failing to sufficiently charge a violation of 18 U.S.C. § 924(c).

- **Ground Three**: The District Court committed a significant procedural error by considering the sentencing guidelines mandatory instead of advisory in violation of United States v. Booker, 543 U.S. 220 (2005).

In its response, the Government contends that these allegations of error are without merit. First it argues that even if the petitioner's counsel had objected at the sentencing regarding the Court's mandatory application of the sentencing guidelines, this was harmless error and it did not affect the outcome of the district court proceedings. As to McGilberry's second ineffective assistance claim, the government argues that McGilberry was not prejudiced because he had notice of all of the charges against him

3

and the proof at trial was more than adequate to establish that he committed the offenses for which he was charged and convicted. The government also argues that there is no basis for concluding that the defective indictment seriously affected the fairness, integrity or public reputation of the judicial proceedings because there is no reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Lastly, the government argues that because McGilberry appealed the Court's alleged application of the sentencing guidelines as being mandatory, he may not raise this issue in a § 2255 habeas corpus petition.

2. *Supplemental Motion to Vacate*

In his supplemental motion, McGilberry argues that the District Court erred by ordering that he serve sentences consecutively instead of concurrently. In response, the government posits two arguments. First, the government argues that McGilberry has failed to show cause for failing to raise this issue on appeal; therefore, he is barred from raising this issue in his § 2255 motion. Second, the government argues that McGilberry's motion lacks merit because a conviction on Count One of the Indictment does not subject a defendant to a greater minimum sentence than the sentence for possession of a firearm during a drug trafficking offense, as set forth in Count Two of the Indictment.

3. *Motion for Immediate Release*

In this Motion, McGilberry asserts that in his Supplemental Motion to Vacate, he raised a substantial question of law -- whether the court erred by setting his sentences to run consecutively rather than concurrently. McGilberry contends that he should be released immediately pending the Court's ruling on his motion. In response, the government argues that McGilberry has failed to cite any authority supporting his position for immediate release and that the Court was correct in imposing consecutive sentences.

### III. ANALYSIS

1. *Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255*

The Court now considers both of McGilberry's arguments of ineffective assistance of counsel. McGilberry's first allegation pertains to the assistance he received during his sentencing. Specifically, he argues that his counsel at sentencing, John Weber, was ineffective because he failed to object under <u>Blakely v. Washingtion</u>, 543 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d. 403 (2004), to the district court's mandatory application of the Federal Sentencing Guidelines. McGilberry's second allegation pertains to the assistance he received at trial. He argues that his trial counsel was ineffective for failing to object to Count Two of the Indictment because it failed to sufficiently charge a violation of 18 U.S.C. § 924(c). In regard to both ineffective assistance allegations, McGilberry argues that if his counsel had

5

objected during the district court proceedings, his appeal would have been subject to a harmless error standard, with the burden of proof placed on the government, rather than a plain error review standard, in which the burden of proof was placed on him. He argues that if the harmless error standard applied, he would have been successful on his appeals.

Turning to the merits of McGilberry's two ineffective assistance of counsel claims, the Court first notes that the two-prong test articulated by the United States Supreme Court in United States v. Strickland, 466 U.S. 688 (1984), applies. In order to prove ineffective assistance of counsel, the movant must show "(1) that his counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced his defense." United States v. Culverhouse, 507 F.3d 888, 895 (5th Cir. 2007) (citing Strickland, 466 U.S. at 687). "If the Court finds that one of the Strickland requirements is not satisfied, it need not consider the other." United States v. Assi, 2008 WL 346079 (S.D. Miss. Feb. 6, 2008) (unpublished) (citing Buxton v. Lynaugh, 879 F.2d 140, 142 (5th Cir. 1989)). As to the prejudice prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Williams v. Taylor, 529 U.S. 362, 390-91 (2000).

In regard to McGilberry's first ineffective assistance claim,

the Court finds that it is without merit.  McGilberry argues that his counsel at sentencing should have objected to the District Court's mandatory application of the Federal Sentencing Guidelines based upon the Supreme Court's holding in Blakely v. Washinton.  In Blakely, the Supreme Court held that, consistent with the Sixth Amendment, "any fact (except for the fact of a prior conviction) increasing the penalty for a crime must be admitted by the defendant or submitted to a jury and proved beyond a reasonable doubt."  542 U.S. at 303.  This holding, in effect, made Washington State's sentencing guidelines unconstitutional.  McGilberry argues that, based upon this holding, his counsel at sentencing should have been aware that the Supreme Court would hold in a later case (United States v. Booker and United States v. Fanfan) that mandatory application of the Federal Sentencing Guidelines is unconstitutional.

At the time of McGilberry's sentencing, United States v. Booker had not been decided by the Supreme Court.[1]  Also, at the time of McGilberry's sentencing the holding of Blakely, which relied upon the Supreme Court's reasoning in Apprendi v. New Jersey, 530 U.S. 466 (2000)[2], did not apply to the Federal

---

[1] McGilberry's sentencing was on July 14, 2004.  United States v. Booker was decided by the Supreme Court on January 12, 2005.

[2] In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted

7

Sentencing Guidelines in the Fifth Circuit. United States v. Banks, 2009 WL 3490280, *1 (5th Cir. 2009)(citing United States v. Fields, 565 F.3d 290, 293-97 (5th Cir. 2009)). "The failure of counsel to anticipate that Booker would apply the rule of Apprendi to the Sentencing Guidelines or to predict 'the absolute sea-change in federal sentencing wrought by Booker does not constitute constitutionally ineffective assistance." Id. (quoting Fields, 565 F.3d at 295-97); see also United States v. Ardley, 273 F.3d 991, 992 (11th Cir. 2001)(holding that it is settled law that it is not ineffective assistance for an attorney to fail to foresee a change in the law). Therefore, the performance of McGilberry's counsel at sentencing was not deficient and certainly not so deficient that it fell below an objective standard of reasonableness. For this reason, McGilberry's first ineffective assistance claim is without merit and must be denied.

In regard to McGilberry's second ineffective assistance claim, he has failed to show that his defense was prejudiced by his

---

to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Based upon this holding, the Supreme Court in Blakely held a Washington State sentencing guideline unconstitutional because it allowed the judge to increase the defendant's sentence by finding additional facts that were not admitted by the defendant or found by a jury. Thereafter, the Supreme Court "expressly applied Blakely's reasoning to the Federal Sentencing Guidelines and held that, in order to pass constitutional muster, the federal guidelines must be considered advisory rather than mandatory." Williams v. United States, 2007 WL 748481, *1 (M.D. Ala. 2007)(citing Booker, 543 U.S. at 258-59).

counsel's failure to object to the defective indictment.[3] To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 693-94. Mere speculation and conjecture cannot establish the prejudice prong of Strickland and conclusory allegations are not sufficient to obtain habeas relief. Bradford v. Whitley, 953 F.2d 1008, 1012 (5th Cir. 1992); Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error did not prejudice the defense." Ricalday v. Procunier, 736 F.2d 203, 208 (5th Cir. 1984)(citation omitted).

In Count Two of the Indictment, McGilberry was charged with possessing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). However, "[s]ection

---

[3] In McGilberry's direct appeal to the Fifth Circuit Court of Appeals, United States v. McGilberry, 480 F.3d 326 (5th Cir. 2007), the court determined that the indictment was plainly erroneous because it "failed to list all the elements of any offensive conduct." Id. at 330. Therefore, for purposes of the instant § 2255 petition, this Court focuses its analysis on whether the failure of McGilberry's defense counsel to object to the defective indictment prejudiced his defense. The Court, however, notes that the Fifth Circuit held that the defective indictment did not affect the fairness, integrity, or public reputation of McGilberry's criminal proceeding or conviction, and, therefore, the court affirmed McGilberry's conviction and sentence. Id. at 330-333.

924 refers to someone who either 'uses or carries a firearm . . . during and in relation to any . . . drug trafficking crime,' or someone 'who, in furtherance of any such crime, possesses a firearm.'" McGilberry, 480 F.3d at 329; 18 U.S.C. § 924(c)(1)(A). Thus, as previously stated, the Fifth Circuit held that this charge in the indictment is defective because it combined elements of two crimes in § 924(c)(1), and, therefore, does not list each element of the crime charged. Nevertheless, the uncontroverted evidence at trial proved beyond a reasonable doubt that McGilberry committed a § 924(c)(1)(a) offense regardless of which alternative charge applied. The Fifth Circuit concluded, "[o]n the evidence presented, it would have been impossible for a jury to find that McGilberry possessed the firearm but did not use or carry it." Id. at 330-31. At trial, the evidence show that McGilberry came into the motel room, removed the firearm from his jacket, and placed it on the table in front of him in a way to signal that he was not to be challenged during the drug transaction. The jury concluded that the evidence established each element contained in § 924. See U.S. v. Harlan, 130 F.3d 1152, 1153 (5th Cir. 1997)(defendant's "conviction under § 924(c)(1) was proper because he transported a firearm in relation to a drug transaction). Because the evidence presented established the guilt of McGilberry under either crime in § 924, there is not a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

have been different.  Also, McGilberry did not allege during trial or in the instant motion that he was unaware of the events leading to this charge or unaware of the offense for which he was charged, so there is no argument that the indictment provided him with inadequate notice.  McGilberry, 480 F.3d at 331, fn. 3.

Moreover, the jury instructions properly conveyed the elements of § 924. The jury was instructed to convict McGilberry only if it found that he "knowingly carried a firearm during and in relation to [his] alleged commission of the crime of possession of cocaine base with intent to distribute" and the firearm "must have some purpose, role or effect with respect to the drug trafficking crime."  Id. at 331.  Therefore, the jury instructions "largely mitigated" the error in the indictment, and the fairness of the proceedings was not affected.  Id.; see also Strickland, 466 U.S. at 104 (stating that "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding" and on whether "result of the particular proceeding is unreliable because of a breakdown in the adversarial process").

The Court recognizes that even if McGilberry's defense counsel had objected to the language of the indictment, the government could have cured the defect by obtaining a second indictment.  See Morlett v. Lynaugh, 851 F.2d 1521, 1525 (5th Cir. 1988)(holding that even if defense counsel's performance was deficient for failing to object or quash defective indictment, defendant was not

11

prejudiced because proof at trial satisfied elements of crime, and prosecution could simply have reindicted defendant); Brown v. Cain, 337 F.3d 546, 550 (5th Cir. 2003)(holding that because prosecution would have likely presented the case to second grand jury had defense counsel filed motion to quash first indictment, defense counsel had strategic reason for not objecting to defective indictment and his service was not deficient or ineffective). More significantly, the uncontroverted evidence at trial showed beyond a reasonable doubt that McGilberry "(1) possessed the gun in question, (2) carried the gun to the motel room, and (3) displayed it openly." McGilberry, 480 F.3d at 331. As a result, McGilberry's claims for ineffective assistance are without merit.

In McGilberry's third claim for habeas relief, he argues that the district court erred by considering the Federal Sentencing Guidelines as mandatory in light of Booker v. Washington. Inasmuch as McGilberry raised this claim in his direct appeal to the Fifth Circuit Court of appeals, this claim is procedurally barred from collateral review, and, therefore, is denied. See McGilberry, 480 F.3d at 332-33; United States v. Rocha, 109 F.3d 225, 230 (5th Cir. 1997).

2. *Supplemental Motion to Vacate*

McGilberry relies upon United States v. Whitley, 529 F.3d 150 (2nd Cir. 2008) and United States v. Williams, 558 F.3d 166 (2nd Cir. 2009), as support for his argument that his sentences should

12

run concurrently rather than consecutively. In Whitley, the defendant was convicted for three offenses stemming from the same armed robbery. The Second Circuit Court of Appeals held that the consecutive ten-year sentence under 18 U.S.C. 924(c) did not apply to the defendant because he was subject to a higher fifteen-year minimum sentence for his conviction pursuant to 18 U.S.C. §§ 922(g)(1), 924(e). In Williams, the Second Circuit relied upon its holding in Whitley and concluded that the five-year mandatory minimum sentence for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) did not apply because the defendant was subject to the ten-year mandatory minimum sentence for a drug trafficking offense in violation of 21 U.S.C. § 841(b)(1)(A). McGilberry argues that these holdings support the proposition that his sentences should run concurrently rather than consecutively.

These cases are distinguishable from the instant case. In Whitley and Williams, the defendants raised the sentencing issues on direct appeal to the Second Circuit from the judgments of conviction and sentences at the district court level. Here, McGilberry failed to object to his consecutive sentence at sentencing and failed to raise this issue on his direct appeal to the Fifth Circuit Court of Appeals. Rather, McGilberry raises this sentencing issue in a supplemental motion to his § 2255 petition. "A section 2255 movant who fails to raise a constitutional or

13

jurisdictional issue on direct appeal waives the issue for collateral attack on his conviction, unless there is cause for the default and prejudice as a result." United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000). "[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complaints." U.S. v. Frady, 456 U.S. 152, 167-68 (1982). "If the defendant does not meet this burden of showing cause and prejudice, he is procedurally barred from attacking his conviction." United States v. Drobny, 955 F.2d 990, 994-95 (5th Cir. 1992).

In this case, it is unnecessary to determine whether McGilberry has shown actual prejudice, because he has failed to show cause which would excuse his failure to raise this issue on direct appeal. As a result, his supplemental motion is without merit and should be denied.

2. *Motion for Immediate Release*

In this motion, McGilberry argues that he should be immediately released from prison because he raised a substantial question of law in regard to his sentencing. He asserts that because he raised a substantial question of law, he is being illegally incarcerated and should be released. Inasmuch as the Court finds that his supplemental motion is without merit,

14

McGilberry's Motion for Immediate Release is denied.

## IV. CONCLUSION AND ORDER

Based upon the foregoing analysis, the Court finds the petitioner's motions to be without merit. Accordingly,

**IT IS HEREBY ORDERED** that the petitioner's Motion to Vacate, Set Aside or Correct Sentence [**criminal docket entry no. 50**] is **DENIED**.

**IT IS FURTHER ORDERED** that the petitioner's Supplemental Motion to Vacate [**criminal docket entry no. 55**] is **DENIED**.

**IT IS FURTHER ORDERED** that the petitioner's Motion for Immediate Release [**criminal docket entry no. 56**] is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 7th day of June 2010.

_s/ David Bramlette_
**UNITED STATES DISTRICT JUDGE**